# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Stephan Dean et al | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 5:24-cv-02742-KK-SP |
| v. | |
| Kaiser Foundation Health Plan, Inc. et al | **ORDER ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* **(NON-PRISONER CASE)** |
| DEFENDANT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:




**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

   ☒ The District Court lacks  ☒ subject matter jurisdiction  ☐ removal jurisdiction.
   ☐ The action is frivolous or malicious.
   ☐ The action fails to state a claim upon which relief may be granted.
   ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:




If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

January 9, 2025
Date

Hon. Kenly Kiya Kato, United States District Judge

On December 27, 2024 Plaintiffs filed the instant Complaint and request to proceed in forma pauperis. Dkts. 1, 2. The instant action appears to be an attempt to vacate the judgments in Plaintiffs' previous cases in this Court, 5:22-cv-00278-MCS-KK (Dean I) and 5:24-cv-01277-MCS-JPR (Dean II).

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]" Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006). The party asserting federal jurisdiction bears the burden of proving jurisdiction exists. Me. Cmty. Health Options v. Albertsons Cos., Inc., 993 F.3d 720, 723 (9th Cir. 2021).

Here, Plaintiffs assert two causes of action: breach of contract and declaratory relief, both arising out of claims defendant has breached a settlement agreement. A settlement agreement is a contract under California law, see Monster Energy Co. v. Schechter 7 Cal. 5th 781, 789 (2019), and the Court does not have jurisdiction. To the extent Plaintiffs attempt to argue their claim arises under the Lanham Act, the Court finds, as it did in Dean II, the Complaint is rooted in a contract breach claim and does not establish subject-matter jurisdiction.

Accordingly, Plaintiffs fail to meet their burden of establishing the Court has jurisdiction. Therefore, Plaintiffs' case is DISMISSED without prejudice. (JS-6).

(attach additional pages if necessary)